SHAWN D. HAGERTY, Bar No. 182435
shawn.hagerty@bbklaw.com
GREGG W. KETTLES, Bar No. 170640
gregg.kettles@bbklaw.com
ANYA KWAN, Bar No. 333854
anya.kwan@bbklaw.com
BEST BEST & KRIEGER LLP
300 South Grand Avenue
25th Floor
Los Angeles, California  90071
Telephone:     (213) 617-8100
Facsimile:      (213) 617-7480

Attorneys for Defendant
CITY OF EUREKA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION, a non-profit corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF EUREKA, a municipal corporation,<br><br>        Defendant. | Case No. 4:22-cv-01459-JST<br><br>**NOTICE OF MOTION AND MOTION TO MODIFY THE CONSENT DECREE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:          December 12, 2024<br>Time:          2:00 p.m.<br>Courtroom:  6<br>Judge:         Honorable Jon S. Tigar<br><br>Trial Date:    Vacated<br>Action Filed:  March 8, 2022 |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION .................................................................................... 4

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 6

I.      INTRODUCTION ............................................................................................... 6

II.     BACKGROUND ................................................................................................. 7

     A.    The City owns and operates a waste water treatment plant under an NPDES permit issued by the California Regional Water Quality Control Board ............... 7

     B.    ERF filed a lawsuit challenging the City's compliance with the 2016 NPDES Permit, and the Parties agreed to a Court-ordered Consent Decree that states it will be modified to conform to a new NPDES permit when issued by the Regional Board ................................................................................ 8

     C.    The Regional Board issued a 2023 NPDES Permit ................................................. 8

     D.    ERF appealed the Regional Board's decision to issue the 2023 NPDES Permit to the State Board ................................................................................ 9

     E.    ERF filed suit challenging the 2023 NPDES Permit in state court ........................ 9

     F.    The City met and conferred with ERF, proposing to modify the Consent Decree to conform to the 2023 NPDES Permit ...................................... 10

III.    DISCUSSION ..................................................................................................... 12

     A.    The City complied with the Consent Decree's meet and confer and informal negotiation requirements before bringing this motion to modify the Consent Decree to align with the 2023 NPDES Permit ................................... 12

     B.    Consent Decree modification is proper because the Permit is final .................... 12

          1.    Regulations on NPDES permits and case law on permits generally confirm that the 2023 NPDES Permit is "final" under Consent Decree paragraph 39 ............................................................... 13

          2.    The City's conduct implementing the 2023 NPDES Permit confirms that it is final ...................................................................... 14

          3.    ERF's authorities fail to show that the 2023 NPDES Permit is not final ............................................................................................. 14

          4.    Final adjudication of ERF's Writ Petition may not happen for another three years; the City would be prejudiced if Consent Decree modification were put off until that time ................................... 14

     C.    The Court should order the Consent Decree modified as proposed by the City ..................................................................................................... 16

     D.    ERF refused to meet and confer with the City on its Proposed Amended Consent Decree on a revision-by-revision basis, and ERF should not be heard to object to individual revisions now ........................................................ 20

IV.   CONCLUSION ................................................................................................... 21

Best Best & Krieger LLP
Attorneys at Law
300 South Grand Avenue, 25th Floor
Los Angeles, California 90071

4:22-CV-01459-JST
NOTICE OF MOTION AND MOTION TO
MODIFY THE CONSENT DECREE; MPAS

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Babbitt v. Sweet Home Chapter of Communities for a Great Oregon*
    515 U.S. 687 (1995)................................................................................................ 14

*Brewster v. City of Los Angeles*
    672 F. Supp. 3d 872 (C.D. Cal. 2023).................................................................... 20

*San Francisco Herring Ass'n v. Dep't of the Interior*
    946 F.3d 564 (9th Cir. 2019)............................................................................. 6, 13

**State Cases**

*Westinghouse Elec. Corp. v. Cnty. of Los Angeles*
    42 Cal. App. 3d 32 (Ct. App. 1974) ...................................................................... 13

**Federal Statutes**

33 U.S.C. § 1365, *et seq.*........................................................................................... 8

**State Statutes**

Cal. Code Regs. tit. 23, § 2050.5(e) ..................................................................... 6, 13

Water Code § 13330, subd.(b) ................................................................................. 13

**Regulations**

Order R1-2023-0021 ........................................................................................... 16, 17

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 12, 2024, 2024, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 of this court located at 1301 Clay Street, 2nd Floor, Oakland, California 94612, Defendant City of Eureka ("City") will and hereby does move for an order to modify the Consent Decree entered in this action on January 27, 2023 (ECF No. 40) as proposed by the City.

This motion is made pursuant to Consent Decree Paragraph 62, which authorizes a Party to file a motion with the Court regarding disputes under the Consent Decree, setting forth the nature of the dispute and a proposal for its resolution.  ECF No. 40, ¶62.  The Consent Decree requires the City to perform various tasks under the Clean Water Act ("CWA") in connection with the City's Elk River Waste Water Treatment Plant ("WWTP") by deadlines set forth in the Consent Decree.  The City operates the WWTP under a CWA National Discharge Elimination System ("NPDES") Permit issued by the California Regional Water Quality Control Board, North Coast Region ("Regional Board").  Consent Decree Paragraph 39 states that if a new or reissued NPDES Permit is issued to the City that becomes "final" pursuant to applicable law and alters the CWA requirements applicable to the City that are reflected in the Consent Decree, the "Consent Decree will be modified to reflect those CWA requirements."  ECF No. 40, ¶39.

The Regional Board issued a new NPDES Permit to the City in October, 2023 ("2023 NPDES Permit"), after the Consent Decree was entered.  The 2023 NPDES Permit became final in February, 2024 when the State Water Quality Control Board ("State Board") constructively denied Plaintiff Ecological Rights Foundation's ("ERF") request for review.  The 2023 NPDES Permit requires several of the same tasks in the Consent Decree, but gives the City more time to complete them.  The 2023 NPDES Permit also incorporated only some provisions from an earlier Regional Board Cease and Desist Order ("CDO"), which CDO was later rescinded by the Regional Board.  Some Consent Decree tasks relate only to the rescinded CDO and not to the 2023 NPDES Permit.  The Consent Decree must be modified to reflect the 2023 NPDES Permit's different requirements.

1  The City raised this issue with ERF and proposed that the Consent Decree be modified in

2  the specific ways proposed by the City.  ERF objected that the Consent Decree should not be

3  modified because ERF is challenging the Regional Board's 2023 NPDES Permit in a state court

4  lawsuit and the Permit is not "final" under Consent Decree paragraph 39.  ECF No. 40, ¶39.  ERF

5  did not respond to the specific Consent Decree revisions proposed by the City.  The dispute

6  between the City and ERF is whether the 2023 NPDES Permit should be modified as proposed by

7  the City.  To resolve this dispute, the City is respectfully requesting the Court order the Consent

8  Decree modified as reflected in the City's Proposed Amended Consent Decree, attached to a

9  proposed order lodged concurrently with this motion.

10  This motion will be based on this Notice of Motion and Motion, the accompanying

11  Memorandum of Points and Authorities, Request for Judicial Notice, and the Declarations of

12  Gregg Kettles, Anya Kwan and Brian Gerving, and on such further evidence as may be presented

13  at the hearing on the motion.

14

15  Dated: October 4, 2024                    BEST BEST & KRIEGER LLP

16                                            By:/s/ Anya Kwan
                                                 GREGG W. KETTLES
17                                               SHAWN D. HAGERTY
                                                 ANYA KWAN
18                                               Attorneys for Defendant
                                                 CITY OF EUREKA

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **INTRODUCTION**

The City of Eureka ("City") owns and operates a waste water treatment plant under a Clean Water Act permit issued by the California Regional Water Quality Control Board, North Coast Region ("Regional Board").  The City and plaintiff Ecological Rights Foundation ("ERF") entered into a Consent Decree in this case to settle ERF's claims that the City violated the Clean Water Act.  The Consent Decree requires the City to perform various tasks according to a Consent Decree timeline, but also states that the Consent Decree "will be modified" to conform to a new Regional Board permit when a new permit is issued and becomes "final."  ECF No. 40, ¶39.  The Regional Board issued a new permit and it became final early this year.  The City proposed to ERF that the Consent Decree be revised to conform to the new permit, which gives the City a longer timeline to perform several Consent Decree tasks and eliminates a couple of Consent Decree tasks.  ERF refused, leaving the City no choice but to bring this motion.

ERF's sole objection to the City's proposed Consent Decree revisions is based on the fact that ERF filed a lawsuit in state court challenging the Regional Board's order issuing the new permit.  ERF claims that the permit cannot be considered "final" so long as ERF is challenging it in court.  ERF's argument is unsupported by law.  Regulations provide that a Regional Board order is "final" when it is issued or when the state board dismisses an administrative appeal from that order, as happened here early this year.  Ninth Circuit case law confirms the new permit is final because it "mark[s] the consummation of the agency's decision-making process" and was an action "by which  rights or obligations have been determined, or from which legal consequences will flow." *San Francisco Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 575 (9th Cir. 2019).  ERF could not have even filed its state court lawsuit unless the permit was final.  California Code of Regulations, Title 23, section 2050.5(e) (authorizing suit by "[a] party aggrieved by a regional board final decision or order for which the state board dismisses a petition").  The City's conduct implementing the new permit confirms it is final.

ERF argues that it would be a waste of time for the Court to modify the Consent Decree now because the Court will have to modify it again if ERF prevails in its state court permit

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

challenge.  The state court may not issue judgment and rights to appeal may not be exhausted for another three years.  The new permit gives the City more time to perform certain tasks the Consent Decree would require be performed during that time.  Complying with the new permit requires the City to construct projects that will cost the City tens of millions of dollars and demand a significant amount of City staff time.  Modifying the Consent Decree now to conform to the new permit will enable the City to focus its limited resources as directed by the new permit.

The new permit requires a handful of changes to the Consent Decree.  ERF declined to comment on the City's proposed changes on a revision-by-revision basis.  The City explains why each proposed change is compelled by the new permit.  The City's motion to modify the Consent Decree should be granted.

## II.   BACKGROUND

### A.   The City owns and operates a waste water treatment plant under an NPDES permit issued by the California Regional Water Quality Control Board

The City owns and operates a public sewer collection system and the Elk River Wastewater Treatment Plant ("WWTP") under a Clean Water Act ("CWA") permit issued by the Regional Board.  The Regional Board issued a permit in 2016: National Pollutant Discharge Elimination System ("NPDES") Permit No. CA0024449, Regional Board Order No. R1-2016-0001 ("2016 NPDES Permit").  The 2016 NPDES Permit governed WWTP discharges.  Declaration of Anya Kwan ("Kwan Decl.") Ex. A.

At the same time the Regional Board issued an order regarding the WWTP, *Cease and Desist Order* No. R1-2016-0012 ("2016 CDO"), which was subsequently amended in 2020 by Order R1-2020-0020 (the "CDO").  The CDO included a number of deadlines related to prohibitions on new discharges of municipal wastewater to enclosed bays and estuaries unless that wastewater was treated and discharged in a manner that would enhance the quality of the receiving water.  These CDO provisions were based on the State Water Control Board's Water Quality Control Policy for Enclosed Bays and Estuaries ("EBEP").  Kwan Decl. Ex. B, Findings ¶2.a.  Between the 2016 and 2020 versions of the CDO, the Regional Board extended all deadlines in the CDO by fifteen months.  Kwan Decl. Ex. B, Order ¶15.  The Regional Board

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

1    extended these timelines for a variety of reasons, including City budget and planning needs,

2    longer than anticipated review times by Regional Board staff, and an evolving understanding of

3    possible compliance options.  Kwan Decl. Ex. B, Findings ¶¶6-7.

**B.    ERF filed a lawsuit challenging the City's compliance with the 2016 NPDES Permit, and the Parties agreed to a Court-ordered Consent Decree that states it will be modified to conform to a new NPDES permit when issued by the Regional Board**

7    On March 8, 2022, ERF filed the complaint in this action, Case No. 22-cv-01459,

8    pursuant to the citizen suit provisions of the CWA, 33 U.S.C. § 1365, *et seq.*  ERF alleged the

9    City violated the CWA, the 2016 NPDES Permit, and the CDO in its operation of the WWTP and

10    related facilities.  ECF No. 1.  The City and ERF entered into a Consent Decree, which was

11    ordered by this Court on January 27, 2023.  ECF No. 40.  The Consent Decree requires the City to

12    perform various WWTP-related tasks under the auspices of the CWA, the 2016 NPDES Permit,

13    and CDO.  ECF No. 40, ¶¶11-37.  For example, the City is required to complete certain studies

14    and issue various reports by deadlines set forth in the Consent Decree.  ECF No. 40, ¶¶11-37.

15    The Consent Decree contemplates that the Regional Board would issue a new permit and

16    establishes that the new permit would take precedence over the Consent Decree.  ECF No. 40,

17    ¶38.  The Parties agreed to work together to request the Regional Board to issue a new NPDES

18    permit.  ECF No. 40, ¶44.  They also agreed that the Consent Decree would be modified to

19    conform to the new NPDES permit when it was issued.  ECF No. 40, ¶¶38-40.  The Consent

20    Decree states:

> If, during the term of this Consent Decree, the Regional Board, State Board, or EPA issues a new or reissued NPDES Permit to the City for the Treatment Plant that becomes final pursuant to applicable law and alters the CWA requirements applicable to the City that are reflected in the requirements of this Consent Decree, *this Consent Decree will be modified* to reflect those CWA requirements, including, but not limited to, CWA requirements related to discharges to Humboldt Bay.

25    ECF No. 40, ¶39 (emphasis added).

26    **C.    The Regional Board issued a 2023 NPDES Permit**

27    The Regional Board issued a draft permit relating to the City's NPDES Permit in March,

28    2023.  Kwan Decl. Ex. D, ¶2.6.  The Regional Board received comments on the draft permit and

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

responded to them.  Kwan Decl. Ex. C, ¶¶74-75 & 88 and Ex. E.  The Regional Board issued a new NPDES permit in October, 2023, when it adopted *Waste Discharge Requirements for the City of Eureka Elk River Wastewater Treatment Plant Humboldt County*, NPDES Permit No. CA0024449, Regional Board Order No. R1-2023-0016 (the "2023 NPDES Permit").  Kwan Decl. Ex. D.  The Regional Board issued Order No. R1-2023-0021, which rescinded the CDO, later that same month.  Kwan Decl. Ex. F.  The 2023 NPDES Permit became effective by its own terms in December, 2023.  Kwan Decl. Ex. D.  The 2023 NPDES Permit extended many of the compliance deadlines that had previously been imposed on the City by the CDO.  *Id.*

**D.      ERF appealed the Regional Board's decision to issue the 2023 NPDES Permit to the State Board**

ERF appealed the Regional Board's decision to issue the 2023 NPDES Permit to the State Water Quality Control Board ("State Board") on November 2, 2023.  Kwan Decl. Ex. C, ¶¶54-55.  ERF requested that the State Board revise the permit so that its deadlines mirrored the Consent Decree and the permit reincorporated all provisions of the CDO.  Kwan Decl. Ex. C, ¶¶54-55.  The State Board acknowledged receipt of the appeal and took no action on it for over 90 days.  Kwan Decl. Ex. C, ¶¶56-62.  As such, the appeal was constructively denied on February 2, 2024.  Kwan Decl. Ex. C, ¶¶61-64.

**E.      ERF filed suit challenging the 2023 NPDES Permit in state court**

ERF filed a Petition for Writ of Mandate and Complaint against the Regional Board in Sacramento Superior Court on March 1, 2024, just shy of 30 days from the State Board's constructive denial of ERF's administrative appeal.  Kwan Decl. Ex. G.  ERF filed a First Amended Petition for Writ and Complaint ("Writ Petition") a month later.  Kwan Decl. Ex. C.  The Writ Petition alleges the Regional Board violated the Clean Water Act by setting an arbitrary and overlong compliance schedule to comply with the EBEP requirements.  Kwan Decl. Ex. C, ¶¶119-122.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

**F.     The City met and conferred with ERF, proposing to modify the Consent Decree to conform to the 2023 NPDES Permit**

On July 1, 2024, the City sent a letter to ERF initiating the meet and confer process to modify the Consent Decree to conform with the 2023 NPDES Permit requirements and timelines. Kwan Decl. ¶10, Ex. H.  The letter attached a redline version of the Consent Decree showing the changes the 2023 NPDES Permit required.  Kwan Decl. ¶10, Ex. H.  The proposed Consent Decree revisions primarily modified the timelines in the Consent Decree to align with those in the 2023 NPDES Permit and did not substantially modify what tasks needed to be done.  *Compare* Kwan Decl. Ex. D §§ 6.3.6.2 -6.3.6.3, *with* Consent Decree ¶31.

On July 7, 2024, ERF responded that Consent Decree modification was premature because the permit was not final due to the pending Writ Petition.  Kwan Decl. ¶11, Ex. I.  ERF provided no citations supporting its assertion that the pending Writ Petition made the 2023 NPDES Permit not final.  Kwan Decl. ¶11, Ex. I.

On July 22, 2024, the City provided case-law and statutory citations to show that the permit was final.  Kwan Decl. ¶12, Ex. I.  The City argued that ERF could not have filed the Writ Petition unless the permit was final.  Kwan Decl. ¶12, Ex. I.  ERF responded by repeating, without support, that the 2023 NPDES Permit was not final.  Kwan Decl. ¶13, Ex. I.

The City and ERF met and conferred by teleconference on July 26, 2024.  The City proposed that the Parties discuss each of the City's proposed Consent Decree modifications. Kwan Decl. ¶14.  ERF declined to do so.  Kwan Decl. ¶14.  ERF reiterated that the 2023 NPDES Permit is not "final," again without providing authorities in support.  Kwan Decl. ¶14.

On August 2, 2024, the City sent a letter to ERF confirming the Parties' positions and asking ERF to provide authority for its position that the permit was not final.  Kwan Decl. ¶15, Ex. J.  In response, ERF cited the definition of "final" in Merriam-Webster, analogized the State Board determination to a Court of Appeals decision that is not final until the time for rehearing has expired, and stated that it was judicially inefficient to revise the Consent Decree now because the Court would have to revise the Consent Decree back again if ERF prevailed on its Writ Petition.  Kwan Decl. ¶16, Ex. K.

The City replied, requesting legal authority for the ERF's position that the permit was not final.  Kwan Decl. ¶17, Ex. K.  The City argued that if the Permit may be analogized to judicial decision-making, a better analogy would be the fact that a Court of Appeal decision is no less "final" even though the Supreme Court may review it.  Kwan Decl. ¶17, Ex. K.  The City also explained that ERF's Writ Petition would likely not get to judgment and an appeal resolved for another 3 years, and that modifying the Consent Decree to conform to the 2023 NPDES Permit now would enable the City to defer several CWA tasks at substantial cost savings to the City.  Kwan Decl. ¶17, Ex. K.  The City further revised the proposed Consent Decree to remove one previously included revision ("Proposed Amended Consent Decree").  Kwan Decl. ¶17, Ex. L.[1]  This revision corrected an inadvertent removal of a negotiated term to ensure that the revisions purely reflected the obligations imposed onto the City by the 2023 NPDES Permit.  Kwan Decl. ¶17, Ex. K.

On September 4, 2024, the City reiterated its request that ERF review the Proposed Amended Consent Decree.  Kwan Decl. ¶19, Ex. K.  On September 5, 2024, ERF again refused to participate in a line-by-line discussion of the Consent Decree and asserted the Permit was not final.  Kwan Decl. ¶20, Ex. K.

The Parties' correspondence also addressed compliance with the Consent Decree's meet and confer and dispute resolution procedures.  Kwan Decl. ¶21, Ex. K.  The Parties agreed to treat the dispute resolution procedures as having started on July 22, 2024.  Kwan Decl. ¶18, Ex. K.  This meant that the informal dispute resolution period would end on September 5, 2024, either Party could request mediation before September 20, 2024, and either Party had until October 7, 2024 to request the Court's review.  Kwan Decl. ¶18, Ex. K  The Parties did not come to a resolution prior to September 5, 2024 and neither Party requested mediation prior to September 20, 2024.  Kwan Decl. ¶¶21-22.

---

[1] A clean copy of this Proposed Amended Consent Decree is attached to the Kwan Decl. as Exhibit M.

4:22-CV-01459-JST
NOTICE OF MOTION AND MOTION TO
MODIFY THE CONSENT DECREE; MPAS

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

III.   **DISCUSSION**

A.   **The City complied with the Consent Decree's meet and confer and informal negotiation requirements before bringing this motion to modify the Consent Decree to align with the 2023 NPDES Permit**

The Consent Decree describes what steps need to be taken to begin the process to revise the Consent Decree to align with any new permit.  The City has taken these steps.

The Consent Decree requires the City to provide ERF "with written notice of any new or reissued NPDES permit and identify the portions of the Consent Decree that the City believes need to be modified to reflect the new regulatory requirements."  ECF No. 40, ¶39.  Upon written notice, the Parties will meet and confer within 30 days to discuss and attempt good faith agreement on the modifications of the Consent Decree.  ECF No. 40, ¶40.

The City complied with the Consent Decree's notice requirements.  The City issued a letter on July 1, 2024 that stated that a new permit was adopted on October 1, 2023 which notified ERF of a new NPDES Permit.  In the same letter, the City provided proposed revisions to the Consent Decree satisfying the requirement to identify the portions of the Consent Decree that the City believes should be modified to align with the 2023 NPDES Permit.

The City met and conferred and informally negotiated with ERF in an effort to avoid having to bring this Motion. ECF No. 40, ¶39; Kwan Decl. ¶¶10-21, Exs. H-K.  The Parties met by teleconference on July 26, 2024, within 30 days of issuing the preliminary letter, where the City's intention was to discuss the Proposed Amended Consent Decree.  Kwan Decl. ¶14.  ERF refused to discuss any revisions to the Proposed Amended Consent Decree.  Kwan Decl. ¶14.  The Parties continued to correspond after that.  Kwan Decl. ¶¶15-20, Exs. J-K.  The Consent Decree's meet and confer and informal negotiation requirements were satisfied.  Kwan Decl. ¶21.

B.   **Consent Decree modification is proper because the Permit is final**

The 2023 NPDES Permit is "final," as confirmed by NPDES permit law and case law on permits generally.  The State Board constructively denied ERF's administrative appeal of the 2023 NPDES Permit, and the City has been implementing it.  The Consent Decree should be modified to conform to the 2023 NPDES Permit now.  It would be unduly prejudicial to the City if Consent Decree modification were delayed.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

1.   **Regulations on NPDES permits and case law on permits generally confirm that the 2023 NPDES Permit is "final" under Consent Decree paragraph 39**

Consent Decree paragraph 39 is triggered when a permit is "final," but does not define the term.  Regulations on NPDES permits and case law on permits generally confirm that the 2023 NPDES Permit is "final" under the Consent Decree.  The permit became final on February 2, 2024 when the State Board did not grant ERF's petition for review, and no stay of the 2023 NPDES Permit was requested or implemented.  Kwan Decl. Ex. C, ¶¶56-61.

The California Code of Regulations provides that when the State Board does not grant an appeal of a Regional Board decision, the Regional Board Order becomes "final" when the State Board does not grant petition for review.  California Code of Regulations, Title 23, section 2050.5(e) (authorizing judicial action by a "party aggrieved by a regional board *final* decision or order for which the state board dismisses a petition pursuant to this subdivision") (emphasis added); *San Francisco Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 575 (9th Cir. 2019) (finding that an agency action is final if it "mark[s] the consummation of the agency's decision-making process" and was an action "by which rights or obligations have been determined, or from which legal consequences will flow").

If the permit were not final, ERF would not have been able to file its Writ Petition.  A party must obtain a final administrative decision before filing suit.  California Code of Regulations, Title 23, section 2050.5(e) ("A party aggrieved by a regional board *final* decision or order for which the state board dismisses a petition pursuant to this subdivision must file any judicial challenge within the 30-day period for judicial review allowed by Water Code section 13330, subdivision (b).") (emphasis added); *Westinghouse Elec. Corp. v. Cnty. of Los Angeles*, 42 Cal. App. 3d 32, 37 (Ct. App. 1974) ("[I]t is their [plaintiff's] burden to plead and establish as a part of their case in chief that they exhausted their administrative remedy.").  ERF filed its Writ Petition just short of 30 days after the State Board denied ERF's administrative appeal by not acting on it.  ERF asserts that its Writ Petition is ripe.  Kwan Decl. Ex. C.  ERF's own conduct in filing the Writ Petition confirms that the 2023 NPDES Permit is final.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

82592.00202\42644711.9                                      - 13 -

4:22-CV-01459-JST
NOTICE OF MOTION AND MOTION TO
MODIFY THE CONSENT DECREE; MPAS

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

**2.    The City's conduct implementing the 2023 NPDES Permit confirms that it is final**

The City is required to comply with the 2023 NPDES Permit and has begun implementing the requirements articulated in this permit.  Declaration of Brian Gerving ("Gerving Decl.") ¶7.  For example, the 2023 NPDES Permit Monitoring and Reporting Requirements have additional terms that were not included in the 2016 NPDES Permit Monitoring and Reporting Requirements.  Gerving Decl. ¶7.  These terms include new required monitoring for *enterococcus* and new receiving water monitoring including additional weekly and annual monitoring requirements.  Gerving Decl. ¶7.  The City has implemented these monitoring requirements.  Gerving Decl. ¶7.  Furthermore, the City has completed its portion of the Elk River Estuary Tidal Enhancement Project which is a project required by the 2023 NPDES Permit that was not contemplated by either the CDO or the 2016 NPDES Permit.  Gerving Decl. ¶7.  Given that the City is required to and has been implementing the requirements articulated under the 2023 NPDES Permit, the Permit must be considered final.

**3.    ERF's authorities fail to show that the 2023 NPDES Permit is not final**

The City repeatedly asked ERF for case law supporting ERF's position that the 2023 NPDES Permit is not final.  Kwan Decl. ¶¶14&17, Ex. K.  ERF provided only two citations: a dictionary definition of "final," and a case that interpreted the term "harm" in the Endangered Species Act to encompass habitat modification that results in actual injury or death to endangered or threatened species.  *Babbitt v. Sweet Home Chapter of Communities for a Great Oregon*, 515 U.S. 687, 690, 695 (1995) (emphasis added); Kwan Decl. ¶¶16-19, Ex. K.  These authorities are too general to overcome the specific authorities on permit finality offered by the City above.

**4.    Final adjudication of ERF's Writ Petition may not happen for another three years; the City would be prejudiced if Consent Decree modification were put off until that time**

ERF claims that it would be a waste of time for the Court to modify the Consent Decree now because the Court will have to do so again if ERF prevails in its Writ Petition.  But the state court may not issue judgment and rights to appeal may not be exhausted for another three years.  Declaration of Gregg Kettles ("Gregg Decl.") ¶¶2-3.  Modifying the Consent Decree now to

conform to the 2023 NPDES Permit would enable the City to devote scarce staff time to the tasks required by the 2023 NPDES Permit, some of which pose substantial challenges.  Gerving Decl. ¶9.  The Consent Decree and the 2023 NPDES Permit require the City to complete a number of tasks that are very labor and time intensive.  Gerving Decl. ¶6.  Requiring the City to complete these tasks under the shorter Consent Decree timeline when the Permit includes longer timelines would unfairly burden the City and force it to follow a schedule that is not enforced or supported by the regulator, the Regional Board.  Gerving Decl. ¶6.  The public would be harmed if the City were required to comply with the timelines in both the Consent Decree and the 2023 NPDES Permit.  Gerving Decl. ¶6.

The 2023 NPDES Permit requires the City to cease discharges of untreated or partially treated waste by July 1, 2028.  To comply with this requirement, the City is implementing a project to eliminate the bypass of partially-treated effluent with the WWTP, with the Regional Board's approval ("Eliminate Bypass Project").  Kwan Decl. Ex. D, Section 6.3.6.2.; Gerving Decl. ¶8.  This is a substantial project.  Gerving Decl. ¶8.  The City estimates it will cost $23 million and will require a substantial amount of staff time over the next four years to bring it to fruition.  Gerving Decl. ¶8.  This Eliminate Bypass Project is not specifically contemplated by the Consent Decree.  ECF No. 40, ¶33.  Given that City staff time and monetary resources are limited, it is important to the City that the Consent Decree deadlines are extended to match those in the 2023 NPDES Permit so that the City can focus on meeting the July 1, 2028 Eliminate Bypass Project deadline.  Gerving Decl. ¶9.

The Consent Decree has numerous other deadlines near July 1, 2028, including: preliminary design plans and specifications for construction of the EBEP Compliance Option (June 30, 2028), completion of an Environmental Impact Report or other California Environmental Quality Act documentation (June 30, 2029), and completion of final design plan and construction specification (December 31, 2029).  ECF No 40, ¶31.f.(1)-(3); Gerving Decl. ¶¶5, 9.  Once this is all completed, the City will have to begin construction of the EBEP Compliance Option.  ECF No 40, ¶31.e.; Gerving Decl. ¶5.  The City's preliminary cost estimate of the current most feasible EBEP Compliance Option is $60 million.  Gerving Decl. ¶10.

B est B est & K rieger LLP
Attorneys at Law
300 South Grand Avenue, 25th Floor
Los Angeles, California 90071

The City is regulated by the Regional Board, which is aware of all the actions required by the City. It is critical that the 2023 NPDES Permit timelines are duplicated in the Consent Decree even while the Writ Petition is pending in State Court. Gerving Decl. ¶¶10-14. The City will be prejudiced if it is not allowed the time intended by the Regional Board to understand all technical requirements of the selected compliance option and to raise the money necessary to construction of the EBEP Compliance Option. Gerving Decl. ¶¶11-14.

The City acknowledges that it agreed to the timeline in the Consent Decree, but with the understanding that the timeline would be modified to conform to a new permit. Gerving Decl. ¶15. Since the Consent Decree was entered, the Regional Board has indicated that it may no longer support compliance options that were earlier viewed as viable. Gerving Decl. ¶14. The most viable EBEP Compliance Option is a project that will cost the City $60 million. Gerving Decl. ¶10. It is important that the City be allowed to take the extra time offered by the 2023 NPDES Permit to satisfy these requirements, including the extra time necessary to understand the technical requirements and secure funding to support them. Gerving Decl. ¶¶12-14. Requiring the City to work on an expedited timeline while the Writ Petition is pending would place an undue burden on the City and its ratepayers. Gerving Decl. ¶¶12-14. This problem would be avoided by conforming the Consent Decree timeline with the 2023 NPDES Permit's timeline. Gerving Decl. ¶15.

**C.      The Court should order the Consent Decree modified as proposed by the City**

The City's proposed Consent Decree modifications are required by the new 2023 NPDES Permit. ECF No. 40, ¶39. There are 17 changes. Kwan Decl. Ex. L. The City sets out each change and the reason why the 2023 NPDES Permit requires each change in the table below.

| | **Revision** | **Explanation** |
|---|---|---|
| 1. | Add Recital E explaining that the City became a permittee under to R1-2023-0016 which rescinded the CDO. | The Regional Board adopted R1-2023-0016 which applies to the City. Kwan Decl. ¶9, row 1 & Ex. D. The CDO was rescinded with Order R1-2023-0021. Kwan Decl. ¶9, row 1 & Ex. E. |

| 2. | Add "The CDO was rescinded by the 2023 NPDES Permit." to the definition of CDO in ¶3.b. | The CDO was rescinded with the 2023 NPDES Permit in Order R1-2023-0021.  Kwan Decl. ¶9, row 2 & Ex. E. |
| 3. | Revise the permit number from R1-2016-0001 to R1-2023-0016 in ¶3.x. | Order R1-2023-0016 rescinds R1-2016-0001. Kwan Decl. ¶9, row 3 & Ex. D, p. 6. |
| 4. | Remove ¶28. | Order R1-2023-0021 rescinds the CDO.  Kwan Decl. ¶9, row 4 & Ex. E.  CDO Task 1B(e), or an equivalent task is not required in the 2023 NPDES Permit.  Kwan Decl. ¶9, row 4 & Ex. D.  This task required the City to work with satellite agencies to reduce wet weather flows.  Kwan Decl. ¶9, row 4. Given that City has no requirements to work with satellite agencies to reduce wet weather flows, the Consent Decree cannot require the City to work with Humboldt Community Service District to complete Task 1B(e).  Kwan Decl. ¶9, row 5. |
| 5. | Revise ¶31 to include information about the completed Discharge Study Work Plan. Revise ¶31 to include the requirements of the Discharge Study Work Plan articulated in the 2023 NPDES Permit. | The City completed and submitted a Discharge Study Work Plan on or before December 31, 2023 pursuant to the Consent Decree.  Kwan Decl. ¶9, row 5.  ERF did not comment on the Discharge Study Work Plan in the time period required by the Consent Decree. Kwan Decl. ¶9, row 5.  The submitted 2023 NPDES Permit Section 6.3.6.3. Task 1 is a Discharge Study Work Plan.  Kwan Decl. ¶9, row 4 & Ex. D, Section 6.3.6.3., Task 1. |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

| | | |
|---|---|---|
| 6. | Revise ¶31.a. to changing the deadline for all studies from July 1, 2026 to October 1, 2026. | Date is changed to match 2023 NPDES Permit Section 6.3.6.3. Task 2.  Kwan Decl. ¶9, row 6 & Ex. D, Section 6.3.6.3., Task 2. |
| 7. | Revise ¶31.b. to change the selection of the EBEP Compliance Option(s) deadline from 90 days after completing the studies to October 1, 2029. Revise the selection criteria to align with the 2023 NPDES Permit and remove contingencies relating to not receiving a final permit. | Date is changed to match 2023 NPDES Permit Section 6.3.6.3. Task 3.  Kwan Decl. ¶9, row 7 & Ex. D, Section 6.3.6.3., Task 3.  The 2023 NPDES Permit does not restrict the Compliance Option.  Kwan Decl. ¶9, row 7 & Ex. D, Section 6.3.6.3. The Regional Board issued a 2023 NPDES Permit so there is no need for contingencies relating to the NPDES permit application.  Kwan Decl. ¶9, row 7 & Ex. D. |
| 8. | Remove ¶31.d. | The Regional Board issued a 2023 NPDES Permit so there is no need for contingencies relating to the NPDES permit application.  Kwan Decl. ¶9, row 8 & Ex. D. |
| 9. | Revise ¶31.e. to change the schedule from the one in the Discharge Study Work Plan to the one in the 2023 NPDES Permit. | The schedule in the 2023 NPDES Permit controls pursuant to Consent Decree ¶¶38-40.  ECF No. 40, ¶¶38-40; Kwan Decl. ¶9, row 9. |
| 10. | Revise ¶31.f.(1) to change the preliminary design plan deadline from June 30, 2028 to December 31, 2031. | Date is changed to match 2023 NPDES Permit Section 6.3.6.3. Task 4.  Kwan Decl. ¶9, row 10 & Ex. D, Section 6.3.6.3., Task 4. |
| 11. | Revise ¶31.f.(2) to change the Environmental Impact Report | Date is changed to match 2023 NPDES Permit Section 6.3.6.3. Task 5.  Kwan Decl. ¶9, row 11 & Ex. D, Section 6.3.6.3., Task 5. |

| | deadline from June 30, 2029 to December 1, 2032. | |
|---|---|---|
| 12. | Revise ¶31.f.(3) to change the final design plan deadline from December 31, 2029 to December 1, 2037. | Date is changed to match 2023 NPDES Permit Section 6.3.6.3. Task 9.  Kwan Decl. ¶9, row 12 & Ex. D, Section 6.3.6.3., Task 9. |
| 13. | Revise ¶31.f.(4) to change the regulatory authorization deadline from October 1, 2031 to December 1, 2033. Further revision to remove contingencies on the target deadlines if the Cease and Desist Order is revised. | Date is changed to match 2023 NPDES Permit Section 6.3.6.3. Task 6.  Kwan Decl. ¶9, row 13 & Ex. D, Section 6.3.6.3., Task 6. |
| 14. | Remove ¶32 | The 2023 NPDES Permit Section 6.3.6.2 requires implementation of the submitted Wet Weather Improvement Plan and continued evaluation and reporting relating to the effectiveness of the Wet Weather Improvement Plan.  Kwan Decl. ¶9, row 14 & Ex. D, Section 6.3.6.2.  The Regional Board accepted the Wet Weather Improvement Plan and has now required implementation and evaluation of the Wet Weather Improvement Plan.  Kwan Decl. ¶9, row 14.  Changing the Wet Weather Improvement Plan conflicts with the 2023 NPDES Permit which requires implementation and evaluation of the tasks as written.  Kwan Decl. ¶9, row 14. |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

4:22-CV-01459-JST
NOTICE OF MOTION AND MOTION TO
MODIFY THE CONSENT DECREE; MPAS

| 15. | Revise ¶33 to remove reference to the rescinded CDO and instead citing to 2023 NPDES Permit Requirements. | The CDO was rescinded with the 2023 NPDES Permit in Order R1-2023-0021. Kwan Decl. ¶9, row 15 & Ex. E.  Remaining "tasks in the CDO were incorporated into the [2023] NPDES Permit." Kwan Decl. ¶9, row 15 & Ex. D, Section 6.3.6.2. |
| --- | --- | --- |
| 16. | Revising ¶34 to remove reference to specific references in the 2016 NPDES Permit. | Reference to 2016 NPDES Permit section is not accurate in the 2023 NPDES Permit.  Kwan Decl. ¶9, row 16. |
| 17. | Remove ¶50.g. | Wet Weather Improvement Plan revision conflicts with the 2023 NPDES Permit.  Kwan Decl. ¶9, row 14 & 17.  See the explanation regarding removing Consent Decree ¶32 explained in row 14 of this table. Kwan Decl. ¶9, row 17. |

**D.      ERF refused to meet and confer with the City on its Proposed Amended Consent Decree on a revision-by-revision basis, and ERF should not be heard to object to individual revisions now**

The City provided all of its proposed Consent Decree revisions to ERF at the beginning of the meet and confer process on July 1, 2024.  The City repeatedly asked ERF to respond to the City's proposal on a revision-by-revision basis.  Kwan Decl. ¶¶14&17, Ex. K.  ERF refused to provide citations to address the City's concerns.  Kwan Decl. ¶¶16-20, Ex. K.  ERF should not be heard to object to individual revisions at this point.  For ERF to do so at this late date would be contrary to the Consent Decree's meet and confer and informal negotiation requirements, which serve to eliminate the need to bring disputes to the Court for resolution, or at least narrow the scope of those disputes.  ERF would unfairly benefit from its unwillingness to engage on these revisions if it were allowed to argue against individual revisions now.  *See Brewster v. City of Los Angeles*, 672 F. Supp. 3d 872, 971 (C.D. Cal. 2023) (equitable estoppel is based on the principle that "a party should not be allowed to benefit from its own wrongdoing") (internal quotation marks omitted).

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

**IV.   CONCLUSION**

For the foregoing reasons, the City's motion to modify the Consent Decree should be granted.

Dated: October 4, 2024                    BEST BEST & KRIEGER LLP

By:/s/ Anya Kwan
                                             GREGG W. KETTLES
                                             SHAWN D. HAGERTY
                                             ANYA KWAN
                                             Attorneys for Defendant
                                             CITY OF EUREKA

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071