SHAWN D. HAGERTY, Bar No. 182435
shawn.hagerty@bbklaw.com
GREGG W. KETTLES, Bar No. 170640
gregg.kettles@bbklaw.com
ANYA KWAN, Bar No. 333854
anya.kwan@bbklaw.com
BEST BEST & KRIEGER LLP
300 South Grand Avenue
25th Floor
Los Angeles, California 90071
Telephone:   (213) 617-8100
Facsimile:    (213) 617-7480

Attorneys for Defendant
CITY OF EUREKA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF EUREKA, a municipal corporation,<br><br>Defendant. | Case No. 4:22-cv-01459-JST<br><br>**DECLARATION OF BRIAN GERVING IN SUPPORT OF MOTION TO MODIFY CONSENT DECREE**<br><br>Date:             December 12, 2024<br>Time:             2:00 p.m.<br>Courtroom:    6<br>Judge:           Honorable Jon S. Tigar<br><br>Trial Date:     Vacated<br>Action Filed:  March 8, 2022 |

I, Brian Gerving, declare as follows:

1. I am over the age of 18. I have personal knowledge of the facts set forth below and, if called as a witness, I could testify competently to all of the facts set forth herein.

2. I started working for the City of Eureka ("City") in 2006. Since 2015, I have been the Director of Public Works. Prior to this, I worked as a Plans Examiner and Chief Building Official.

3. As the Director of Public Works, my responsibilities include overseeing the operation of the City's Elk River Wastewater Treatment Plant (the "WWTP"), including managerial oversight of the WWTP and its staff. I am responsible for ensuring that the City complies with National Pollutant Discharge Elimination System ("NPDES") permits issued by the California Regional Water Quality Control Board North Coast Region ("Regional Board") and Regional Board orders. These include the following: 1) a permit issued in 2016: *Waste Discharge Requirements for the City of Eureka Elk River Wastewater Treatment Plant Humboldt County*, National Pollutant Discharge Elimination System Permit No. CA0024449, Regional Board Order No. R1-2016-0001 (the "2016 NPDES Permit"); 2) an order issued in 2016: *Cease and Desist Order*, Regional Board Order No. R1-2016-0012 ("2016 CDO"), as subsequently amended in 2020 by Regional Board Order R1-2020-0020 (the "CDO"); and 3) a permit issued in 2023: *Waste Discharge Requirements for the City of Eureka Elk River Wastewater Treatment Plant Humboldt County*, National Pollutant Discharge Elimination System Permit No. CA0024449, Regional Board Order No. R1-2023-0016 (the "2023 NPDES Permit"). I led the City's negotiations with the Regional Board on the 2016 NPDES Permit and the 2023 NPDES Permit.

4. I am also responsible for overseeing the City's compliance with the consent decree filed on January 27, 2023 in *Ecological Rights Foundation v. City of Eureka*, Case No. 22-cv-01459 ("Consent Decree"). The Consent Decree requires a number of actions including inspecting the City's sewer pipes and lines, manholes, pump stations and all other appurtenances owned by the City that convey wastewater to the WWTP in a specified time frame using specific inspection techniques; and prepare and implement a variety of workplans including those to

evaluate and then implement the a project that complies with the Enclosed Bays and Estuaries Policy ("EBEP Compliance Option"). The Consent Decree as issued before the 2023 NPDES Permit was issued. Consent Decree paragraph 39 states that:

> If, during the term of this Consent Decree, the Regional Board, State Board, or EPA issues a new or reissued NPDES Permit to the City for the Treatment Plant that becomes final pursuant to applicable law and alters the CWA requirements applicable to the City that are reflected in the requirements of this Consent Decree, *this Consent Decree will be modified* to reflect those CWA requirements, including, but not limited to, CWA requirements related to discharges to Humboldt Bay. The City shall provide EcoRights with written notice of any new or reissued NPDES Permit and identify any portions of the Consent Decree that the City believes need to be modified to reflect the new regulatory requirements.

5. The 2023 NPDES Permit and Consent Decree require many similar tasks under different timelines. These tasks are:

| | **Task Description**[1] | **Consent Decree Deadlines** | **2023 NPDES Permit Deadlines** |
|---|---|---|---|
| 1. | Completing all studies described in the Discharge Study Work Plan | July 1, 2021 | October 1, 2026 |
| 2. | Selection of the EBEP Compliance Option(s) | 90 days of completing the studies, i.e., no later than September 29, 2026 | October 1, 2029 |
| 3. | Preliminary design plans and specifications for construction | June 30, 2028 | October 1, 2031 |
| 4. | Environmental Impact Report or other CEQA documentation for | June 30, 2029 | October 1, 2032 |

---

[1] Task descriptions changed between the 2020 CDO and the 2023 NPDES Permit; the CDO language was left for convenience, but the 2023 NPDES Permit requirements are more specific.

| | | | |
|---|---|---|---|
| | preferred alternative(s) identified in Task 2A | | |
| 5. | Final design plans and specifications for construction | December 31, 2029 | October 1, 2037 |
| 6. | Procure and submit copies of all permits necessary to implement the preferred alternative(s) | December 31, 2031 | October 1, 2033 |

Regardless of the timeline, once these preliminary actions are completed, the City will have to begin construction of the EBEP Compliance Option.

6. Both the Consent Decree and the 2023 NPDES Permit require the City to complete a number of very costly, labor intensive, and time intensive tasks. Requiring the City to complete these tasks under the shorter Consent Decree timeline while when the Permit includes longer timelines unfairly requires the City to comply with expedited timelines which are not enforced or supported by the regulator, the Regional Board. The City will be harmed by requiring the City to comply with the timelines in both the Consent Decree and the 2023 NPDES Permit.

7. Since the 2023 NPDES Permit became final on December 1, 2023, the City has had to implement the requirements articulated in the 2023 NPDES Permit. This includes some requirements that are new to the 2023 NPDES Permit that were not included in the 2016 NPDES Permit or the CDO. These new tasks include additional terms in the Monitoring Reporting Requirements such as required monitoring for *enterococcus* and new receiving water monitoring including additional weekly and annual monitoring requirements. The City has implemented these new monitoring requirements. Furthermore, the City has completed its portion of the Elk River Estuary Tidal Enhancement Project, which is a project required by the 2023 NPDES Permit that was not contemplated by either the 2016 NPDES Permit or the CDO.

8. Under the 2023 NPDES Permit, the City is required to cease discharges of untreated or partially treated waste by July 1, 2028. To comply with this requirement, the City, with the Regional Board's approval, is implementing a project to eliminate the bypass of partially-treated

1  effluent with the WWTP (the "Eliminate Bypass Project"). The Eliminate Bypass Project includes
2  the emptying and repurposing of a 10 million gallon facultative sludge lagoon, the construction of
3  a new 24 million gallon-per-day pump station, and significant changes to piping within the WWTP
4  complex. This project will require a require a substantial amount of staff time over the next four
5  years to bring it to fruition. Since the Consent Decree was signed and submitted, the City has
6  received an estimate for this project from a qualified contractor. The estimated cost is $23 million.

7       9.     Currently, the City is under deadlines imposed by the Consent Decree and by the
8  2023 NPDES Permit. Many of the Consent Decree timelines are near the July 1, 2028 deadline to
9  build the $23 million Eliminate Bypass Project. Given that City staff time and monetary
10 resources are limited, it is important to the City that the Consent Decree deadlines are extended so
11 that the City can focus on meeting the July 1, 2028 Eliminate Bypass Project deadline. The
12 Regional Board understands all the requirements in the 2023 NPDES Permit and the deadlines it
13 has imposed on the City and presumably considers all imposed deadlines when setting deadlines.

14      10.     Modifying the Consent Decree to align with the 2023 NPDES Permit will have a
15 significant impact on the City's work to complete the EBEP Compliance Option. Since the Consent
16 Decree has been signed, the City has preliminarily identified that the most viable EBEP Compliance
17 Option, and estimated it will cost $60 million.

18      11.     The City will be prejudiced if it does not get the time allowed by the 2023 NPDES
19 Permit to understand all technical requirements of the selected compliance option and secure
20 funding to build the compliance project.

21      12.     Not modifying the Consent Decree to conform to the 2023 NPDES Permit timeline
22 now will prejudice the City by improperly limiting the time the City has to raise the requisite
23 funds. Between the $23 million 2023 NPDES Permit required Eliminate Bypass Project and the
24 $60 million EBEP Compliance Option estimates, the City needs to raise $83 million. Raising
25 $83 million over the next few years to complete both the Eliminate Bypass Project and the EBEP
26 Compliance Option for the City will be a challenge. Both projects would be funded by the
27 wastewater rate payers and by grants if the City is eligible to receive them. Currently, the City is
28 paying off debt for previous capital improvement projects; once this debt has been paid, the City

expects to reserve about $1 million a year for improvements to the WWTP.  It is expected that a significant amount of financing (in the form of bonds or loans) will need to be obtained for the projects.  If projects totaling $83 million were financed in one tranche, the debt service burden would be too great for the City's ratepayers to bear.  The City is also looking into grants to fund these projects, but has found that the funding most commonly used for such project, Clean Water State Revolving Fund grants, are not available to the City because the City's population is too large.  It will take City staff a substantial amount of time to secure the necessary funding.  As such, not modifying the Consent Decree to conform to the 2023 NPDES Permit timeline now will prejudice the City and prevent the City from best responding to these cost considerations.

13. If instead, the 2023 NPDES Permit timeline is incorporated into the Consent Decree as intended, the City will be better positioned to raise the $23 million needed for the Eliminate Bypass Project and then work on raising the money for the $60 million EBEP Compliance Option.  Staggering these large 2023 NPDES Permit requirements as the Regional Board intended makes it more feasible for the City to adequately fundraise for both large infrastructure projects.

14. Additionally, the City will be prejudiced the City by improperly limiting the time the City has to address the technical concerns relating to the EBEP Compliance Option.  Given the number of constraints for selecting and designing an EBEP Compliance Option, reducing the time period to complete these projects burdens the City and makes understanding the selected option more difficult.  City staff's ability adequately to evaluate these project options under the Consent Decree timelines is additionally hampered by the requirements on staff time relating to the Eliminate Bypass Project required by the 2023 NPDES Permit.  This is especially true because the Regional Board has recently (i.e. after the Consent Decree was negotiated) indicated it may no longer support compliance options that were earlier viewed as viable.  As such, not adopting the Regional Board timeline while the Writ Petition is pending will prejudice the City and prevent the City from best responding to these technical considerations.

15. The 2023 NPDES Permit imposes on the City additional burdens, and gives the City more time to perform tasks than allowed by the Consent Decree.  The City acknowledges

that it agreed to the Consent Decree timeline. However, in light of the 2023 NPDES Permit's additional burdens on the City in terms of staff time and funding, the 2023 NPDES Permit's longer timeline is important to the City. The City will benefit from having the extra time to understand the technical requirements of the EBEP Compliance Options and gather the funding to support the EBEP Compliance Option. The Consent Decree should be modified now to conform to the 2023 NPDES Permit to realize these benefits.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 4, 2024.

_____
Brian Gerving