UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF EUREKA,<br><br>    Defendant. | Case No. 22-cv-01459-JST<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: ECF No. 47 |

Before the Court is Defendant City of Eureka's motion for attorney's fees and costs. ECF No. 47. The Court will deny the motion.

## I. BACKGROUND

The City operates the Elk River Wastewater Treatment Plant ("WWTP") under a Clean Water Act ("CWA") Permit issued by the California Regional Water Quality Control Board, North Coast Region ("Regional Board"). Plaintiff Ecological Rights Foundation ("EcoRights") filed this action in March 2022, alleging that the City's operation of the WWTP violated the CWA Permit. ECF No. 1. The parties participated in mediation on September 2, 2022 and reached an agreement in principle to resolve the action. ECF Nos. 34, 37. On November 17, 2022, the parties filed a proposed consent decree, ECF No. 38, and on January 27, 2023, the Court entered the consent decree as proposed. ECF No. 40.

On October 4, 2024, the City moved to modify the consent decree. ECF No. 42. The Regional Board had issued the City a new National Pollutant Discharge Elimination System (NPDES) Permit in October 2023, *id.* at 9, and the consent decree provided that

> [i]f . . . the Regional Board . . . issues a new or reissued NPDES Permit to the City for the Treatment Plant that becomes final pursuant to applicable law and alters the CWA requirements applicable to the

> City that are reflected in the requirements of this Consent Decree, this Consent Decree will be modified to reflect those CWA requirements . . . .

ECF No. 40 ¶ 39. EcoRights opposed the motion, ECF No. 43, arguing that the 2023 NPDES Permit had not yet "become[] final pursuant to applicable law." The Court found that the Permit was "final pursuant to applicable law" and granted the City's motion to modify the consent decree. ECF No. 46. The parties jointly proposed an amended consent decree, ECF No. 53, which the Court then entered, ECF No. 58.

The City now moves for attorney's fees and costs incurred in litigating the motion to modify the consent decree. ECF No. 47. EcoRights opposes the motion, ECF No. 55, and the City has filed a reply, ECF No. 59. The City also filed a supplemental declaration, ECF No. 60, to which EcoRights objects, ECF No. 61. The Court took the motion under submission without a hearing on May 21, 2025.

## II.   JURISDICTION

The Court has jurisdiction under 33 U.S.C. § 1365(a)(1) and 28 U.S.C. § 1331.

## III.   DISCUSSION

### A.   Standard for Attorney's Fees Award Under 33 U.S.C. § 1365(d)

The parties disagree over the applicable legal standard. The consent decree provides that "[t]he prevailing Party in any dispute [arising under the consent decree] shall be entitled to attorneys' fees and costs in accordance with the standard established by 33 U.S.C. § 1365(d)." ECF No. 58 ¶ 65. 33 U.S.C. § 1365 authorizes citizen suits under the Clean Water Act ("CWA"). Subsection (d) provides: "The court . . . may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." *Id.*

The Supreme Court has held that, for attorney's fees awards under civil rights statutes, the standard differs depending on whether the prevailing party is the plaintiff or defendant. *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 423 (1978).[1] A

---

[1] This is because "the plaintiff is the chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority. . . . [W]hen a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law. . . . [T]hese policy

prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.* at 416–17.  In contrast, "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 423.  The Ninth Circuit has held that *Christiansburg*'s asymmetrical attorney's fees standard "is the proper standard for RCRA and CWA suits." *Razore v. Tulalip Tribes of Wash.*, 66 F.3d 236, 240 (9th Cir. 1995); *see also Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1063 (9th Cir. 2009) ("the word 'appropriate' in § 1365(d) means the same thing it does in § 1988 and the other civil rights statutes with respect to an award of attorney's fees to a prevailing plaintiff").

The City claims in its reply that although the consent decree provides for fees to be awarded "in accordance with the standard established by 33 U.S.C. § 1365(d)," ECF No. 58 ¶ 65, the consent decree "does not say 'and case law interpreting that section.'" ECF No. 59 at 8.  Thus, the City says, the Court should apply only the plain text of Section 1365(d) and determine whether fees are "appropriate," rather than applying the asymmetrical standard set forth in cases interpreting and applying Section 1365(d).  The Court rejects this argument.  Had the parties intended for only the text of Section 1365(d) to govern their attorney's fee disputes, divorced from the correspondent case law, they could have included language to that effect in the consent decree—i.e., "The court may award fees and costs to the prevailing party if the court determines such award is appropriate."  The parties did not do so.  Instead, they expressly imported "the standard established by 33 U.S.C. § 1365(d)."  For at least 30 years, "the standard established by 22 U.S.C. § 1365(d)" in the Ninth Circuit has been the asymmetrical *Christiansburg* standard.  *See Razore*, 66 F.3d at 240 (9th Cir. 1995).  Thus, to adopt the City's argument would be to violate settled law.  Interpreting the consent decree using its plain language, as the Court must, *see United States v. Clark*, 218 F.3d 1092, 1096 (9th Cir. 2000), the Court finds that the consent decree unambiguously provides for the application of the asymmetrical *Christiansburg* standard to fee

---

considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Christiansburg*, 434 U.S. at 418–19 (citation modified).

disputes.[2]

### B.     Effect of California Civil Code § 1717

The City next argues that, even if the consent decree does impose the asymmetrical *Christiansburg* attorney's fees standard, applying such a standard "would impose a non-reciprocal attorney's fees clause to a California contract" and thus is forbidden by California's "'fundamental policy of disfavoring non-reciprocal attorney's fees clauses in litigation.'" ECF No. 47 at 19–20 (quoting *First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1156 (9th Cir. 2015)); *see also* Cal. Civ. Code § 1717.

ERF persuasively argues that a federal statute's attorney's fees standard preempts this tenet of California contract law. ECF No. 54 at 16–17; *see, e.g.*, *Roy Allan Slurry Seal v. Laborers Int'l Union of N. Am. Hwy. & St. Strippers/Road & St. Slurry Local Union 1184*, 241 F.2d 1142, 1146–48 (9th Cir. 2001) (rejecting defendant's attempt to "use a state statute [Cal. Civ. Code § 1717] to modify the express terms of [a settlement agreement]" and holding federal employment statute preempted Cal. Civ. Code § 1717). The City's only response on this point is that "[t]his is not a dispute under the CWA. It is a dispute on an agreement resolving CWA litigation." ECF No. 59 at 10. This is a distinction without a difference. The underlying litigation that led to the consent decree was CWA litigation. Application of Section 1717 would undermine a goal of the CWA attorney's fees provision: to incentivize private-plaintiff vindication of the statute. *See, e.g.*, *Slurry Seal*, 241 F.3d at 1144 (concluding that Section 1717 was preempted because "an award of fees under section 1717 would . . . undermin[e] two primary goals of the [federal statute at issue]"). Accordingly, the Court finds that the CWA preempts application of Section 1717 to the consent decree in this action.

Even if Section 1717 were not preempted, it is not clear that it would dictate a reciprocal

---

[2] For the same reason, the Court rejects the City's argument that the asymmetrical standard is inapplicable here because "[c]ourts . . . apply the attorneys' fees dual standard when a plaintiff brings a motion to uphold federal statute" and "the City's fees are not based on a motion to uphold or not uphold a federal statute" but instead are based on "a dispute over a Consent Decree provision." ECF No. 47 at 20. The Section 1365(d) standard applies to consent decree disputes in this case not because federal law requires it but because the parties agreed that it would. *See* ECF No. 58 ¶ 65.

4

1  attorney's fees standard here.  California courts "have concluded that section 1717 does not
2  supersede more specific statutes involving one-sided attorney fees provisions." *Martinez v. SAI*
3  *Long Beach B, Inc.*, 108 Cal App. 367, 330–31 (2025) (collecting cases).  This is because Section
4  1717 was enacted for consumer protection purposes.  *See First Intercontinental Bank*, 798 F.3d at
5  1157 ("Section 1717 was . . . designed to enable consumers and others who may be in a
6  disadvantageous contractual bargaining position to protect their rights through the judicial process
7  . . . .") (quoting *Milman v. Shukhat*, 22 Cal. App. 4th 538, 543 (1994)).  Accordingly, in the
8  "literal[] scores of specific areas of the law" where there exists "one-sided fee-shifting as a means
9  of *advancing* the public interest," California courts have held Section 1717 does not apply.
10 *Martinez*, 108 Cal. App. 5th at 379 (quoting *Covenant Mut. Ins. Co. v. Young*, 179 Cal. App. 3d
11 318, 324–25 (1986) (emphasis in original)).  The CWA is one such area of the law.  *See*
12 *Christiansburg*, 434 U.S. at 423.  The City's interpretation of Section 1717 would turn the policy
13 objectives of that statute on their head.  The Court declines to take that step.

### C. ERF's Litigation Conduct Was Not Frivolous

Under the *Christiansburg* standard, the Court may award attorney's fees to a prevailing defendant only if the plaintiff's litigation conduct was "unreasonable, frivolous, meritless or vexatious." *Christiansburg*, 434 U.S. at 421.  Although the City disputes that this standard applies, it argues that even under this standard it is entitled to attorney's fees.  The City says ERF acted unreasonably by taking opposite positions on the same legal issue at different points in the litigation:  ERF first "asserted that the 2023 NPDES Permit was final in the context of the Writ Petition and then asserted that the 2023 NPDES Permit was not final in the context of the Consent Decree."  ECF No. 47 at 23.

It is true that ERF, in its state court lawsuit challenging the 2023 NPDES Permit, averred that it had "exhausted any and all available administrative remedies to the extent required by law," a prerequisite to filing that suit.  ECF No. 46 at 4.  And it is true that in its opposition to the City's motion to modify the consent decree, ERF took the position that the 2023 NPDES Permit was not "final pursuant to applicable law" as required to necessitate modifications to the consent decree.  *Id.*  While the Court ultimately disagreed with ERF's attempts to differentiate an exhaustion of

administrative remedies from an agency action being "final pursuant to applicable law," that does not mean that ERF's argument was frivolous or unreasonable. *See Hughes v. Rowe*, 449 U.S. 5, 15–16 (1980) ("Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*."). Nor does the City's cited authority, *In re Xyrem (sodium oxybate) Antitrust Litig.*, No. 20-MD-02966-RS, 2024 WL 4023561 (N.D. Cal. Dec. 16, 2024), require otherwise. There, on a motion for summary judgment, the court had to consider whether there was a factual dispute as to a pharmaceutical company's reasonable expectation of success on the merits of a petition to FDA to distribute a drug via a single pharmacy when the pharmaceutical company had flip-flopped on whether a single pharmacy was necessary. In that context, the court found that "[a] reasonable factfinder could decide that no reasonable litigant could expect success on the merits of a petition seeking a single pharmacy requirement where, along with other facts, that litigant had previously taken the opposite stance." *Id.* at *3. The Court struggles to see the relevance of this case, which did not discuss the *Christiansburg* standard or attorney's fees.

Because the City fails to present any apposite cases, *see* ECF No. 47 at 23 and ECF No. 59 at 10–11, and in light of the underlying principle that fee awards to prevailing defendants in CWA cases "are to be only sparingly awarded," *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997), the Court declines to find that ERF's conduct was unreasonable, frivolous, meritless, or vexatious, as would be required under *Christiansburg* to award the City attorney's fees. The Court will therefore deny the motion. Accordingly, the Court does not consider the City's supplemental evidence regarding the proper amount of fees, and ERF's objection to that supplemental evidence, ECF No. 61, is overruled as moot.

## CONCLUSION

For the foregoing reasons, the City's motion for attorney's fees is denied.

**IT IS SO ORDERED.**

Dated: October 21, 2025

_____
JON S. TIGAR
United States District Judge